**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 08-cr-00367-REB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. THARIN ROBERT GARTRELL,

Defendant.

---

PLEA AGREEMENT AND STATEMENT OF FACTS
RELEVANT TO SENTENCING

---

The United States of America, by and through Robert Brown, Assistant United States Attorney for the District of Colorado, and the defendant, Tharin Robert Gartrell, personally and by counsel, Edward Harris, submit the following Plea Agreement and Statement of Facts Relevant to Sentencing pursuant to D.C.COLO.LCrR 11.1.

## I. PLEA AGREEMENT

The defendant agrees to plead guilty to the Indictment charging a violation of 21 U.S.C. § 844(a) and 851(a),possession of methamphetamine having previously been convicted of a drug offense. The government agrees the defendant should receive the maximum adjustment for acceptance of responsibility under the advisory Sentencing Guidelines. The government agrees the defendant will not be prosecuted for any other offenses arising from his traffic stop by the Aurora Police on August 24, 2008.

This document states the parties' entire agreement. There are no other promises, agreements, terms, conditions, understandings, or assurances, express or implied. In entering into this agreement, neither the United States nor the defendant has relied, or is relying, on any terms, promises, or conditions or assurances not expressly stated in this agreement.





## II. STATUTORY PENALTIES

The maximum statutory penalty for a violation of the offense charged in the Indictment is from 15 days to two years imprisonment; not more than a $250,000.00 fine, or both; not more than one year supervised release; a $ 100.00 special assessment fee.

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

A violation of the conditions of probation or supervised release may result in a separate prison sentence.

## III. ELEMENTS OF THE OFFENSE

The defendant understands that in order to prove his guilt, the government would have to prove beyond a reasonable doubt the following elements of the offense:

1. On or about August 24, 2008, the defendant did knowingly possess a substance containing a detectable amount of methamphetamine (less than 5 grams);
2. Prior to August 24, 2008, the defendant had been convicted in District Court of Denver County, Colorado of the offense of Possession of a Controlled Substance; and
3. The possession of the methamphetamine on August 24, 2008, occurred in the State and District of Colorado.

## IV. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction.

Pertinent facts are set out below in order to provide a factual basis of the plea and to provide facts which the parties believe are relevant, pursuant to §1B1.3, for computing the advisory sentencing guideline range, and to determining the appropriate sentence under 18 U.S.C. 3553.

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevantto sentencing and/or to the guideline computation.

The parties agree that the government's evidence would show:

On August 24, 2008, an officer of the Aurora, Colorado Police Department stopped a pickup truck in that city which was being driver erratically by the defendant, Tharin Robert Gartrell. Discovered in the back seat of the pickup truck were two weapons, body armor and ammunition. The defendant disavowed any knowledge of the weapons, and the government has no evidence to refute that claim. In fact, the vehicle the defendant was driving had been leased by another person, Nathaniel Johnson, and the defendant had borrowed the vehicle to give an acquaintance of his a ride home.

Due to the discovery of the weapons in the vehicle, a pat down of the defendant was done by the police. In the defendant's pocket was found a substance which contained a detectable amount of a controlled substance, methamphetamine. The weight of the substance was less than 5 grams and was a negligible amount. The defendant knew the substance was methamphetamine and that it was in his pocket.

The defendant has a prior felony drug conviction. On April 20, 2006, he was convicted in the District Court of Denver County, Colorado of the offense of Possession of a Controlled Substance.

## IV. SENTENCING COMPUTATION

The parties understand that the sentencing guidelines are no longer mandatory and that the sentence in this case will be determined based on a number of factors, including those outlined in 18 U.S.C. §3553(a). The following guideline calculations are understood to be advisory, and are only one of the factors the Court will consider in imposing sentence.

The parties understand that the court may impose any sentence, up to the statutory maximum, regardless of any advisory guideline range computed, and that the court is not bound by any position of the parties. The court is free to reach its own findings after considering the parties' stipulations, the presentence investigation, and other relevant information.

To the extent the parties disagree about the advisory guideline calculations, the computations below identify the factors which are in dispute.

A. The base guideline is §2D2.1(a)(3), with a base offense level of 4.

B. There are no specific offense characteristics.

C. There are no victim-related, role-in-offense obstruction and/or multiple count adjustments.

D. The adjusted offense level would therefore be 4.

E. The defendant should receive the adjustment for acceptance of responsibility. The resulting offense level would therefore be 2.

F. The parties understand that the defendant's guideline criminal history computation will be determined by the Court. An offense level of 2 has an advisory imprisonment under the Sentencing Guidelines of from 0 months (bottom of Category I), to 7 months (top of Category VI).

G. Pursuant to advisory guideline §5E1.2, assuming the estimated offense level of 12, the fine range for this offense would be $ 100 to $5,000 plus applicable interest and penalties.

H. Pursuant to advisory guideline § 5D1.2, if the court imposes a term of supervised release, that term would be one year.

**WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE**

The parties believe the sentence proposed in the proposed plea agreement is reasonable because it takes into account the factors outlined in 18 U.S.C. §3553(a), including the advisory guideline.

This document states the parties' entire agreement. There are no other promises, agreements, terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 10/20/08

Tharin Robert Gartrell
Defendant

Date: 10/20/08

Edward Harris
Attorney for Defendant

Date: 10/28/8

Robert Brown
Assistant U.S. Attorney